UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

**05 -CV- 1265**

------------------------------------------------------X

SCOTT BROTHERS,

U.S. DISTRICT COURT - N.D. OF N.Y.

**FILED**

Plaintiff,

OCT 0 4 2005

- against -

AT_____ O'CLOCK_____
Lawrence K. Baerman, Clerk - Syracuse

**Civ No:**   TJM **/** DEP

**VERIFIED COMPLAINT**

**JURY DEMANDED**

FREDERICK J. AKSHAR, II, DAVID E. HARDER,
SHERIFF, BROOME COUNTY SHERIFF'S OFFICE,
and the COUNTY OF BROOME,

Defendants.

------------------------------------------------------X

SCOTT BROTHERS, by his attorneys, SULLIVAN PAPAIN BLOCK MCGRATH &
CANNAVO, P.C., for his Verified Complaint, alleges upon information and belief, as follows:

### INTRODUCTORY STATEMENT

1. This is an action for damages by a citizen of the United States of America against a
Deputy Sheriff employed by the Broome County Sheriff's Office, the Sheriff of Broome County,
the Broome County Sheriff's Office, and the County of Broome who violated plaintiff's Federal
and State Constitutional and Civil rights, who unlawfully assaulted and battered plaintiff, and
who acted negligently in their capacity as a Deputy Sheriff and Sheriff employed by the Broome
County Sheriff's office, and the County of Broome, which are sued as a persons under 42 U.S.C.
section 1983.

### JURISDICTION

2. This action is brought pursuant to 42 U.S.C. Section 1983 and the First, Fifth, Eighth
and Fourteenth Amendments to the Constitution of the United States, and also arises under the

1

laws and statutes of the State of New York, including but not limited to New York Civil Rights Law Section 40-c.

3.  The jurisdiction of this Court is predicated on 28 U.S.C. Section 1331 and 1343(3) and (4), this being an action authorized by law to redress the deprivation under the color of law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the plaintiff by the First, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States, and New York Civil Rights Law Section 40-c.

4.  The jurisdiction of this Court is founded upon the existence of a Federal Question.

5.  Venue in this Judicial District is proper pursuant to 28 U.S.C. Section 1391.

6.  The matter in controversy exceeds, exclusive of interest and costs, the sum or value of ONE HUNDRED FIFTY THOUSAND ($150,000.00) DOLLARS.

### ***THE PARTIES***

7.  At all times relevant, plaintiff SCOTT BROTHERS, was and still is a Citizen of the United States.

8.  At all times relevant, plaintiff SCOTT BROTHERS was and still is a resident of BROOME County, State of New York.

9.  At all times relevant, defendant, FREDERICK J. AKSHAR, II, was a Deputy Sheriff employed by defendant DAVID E. HARDER, SHERIFF OF BROOME COUNTY, BROOME COUNTY SHERIFF'S OFFICE, and/or the COUNTY OF BROOME.

10.  At all times relevant, defendant, FREDERICK J. AKSHAR, II, was acting in his capacity as the agent, servant, and/or employee of defendant BROOME COUNTY SHERIFF'S OFFICE.

2

11. At all times relevant, defendant, FREDERICK J. AKSHAR, II, was acting in his capacity as the agent, servant, and/or employee of defendant COUNTY OF BROOME.

12. At all times relevant, defendant, FREDERICK J. AKSHAR, II, was acting in his capacity as the agent, servant, and/or employee of defendant DAVID E. HARDER.

13. At all times relevant, defendant, FREDERICK J. AKSHAR, II, was a Deputy Sheriff employed by defendant COUNTY OF BROOME.

14. At all times relevant, defendant, FREDERICK J. AKSHAR, II, was a Deputy Sheriff employed by defendant BROOME COUNTY SHERIFF'S OFFICE.

15. Defendant, FREDERICK J. AKSHAR, II, is sued individually, and in his official capacity as a Deputy Sheriff employed by defendants DAVID E. HARDER, BROOME COUNTY'S SHERIFF'S OFFICE and/or COUNTY OF BROOME.

16. At all times relevant, defendant, DAVID E. HARDER, was the Sheriff of BROOME COUNTY.

17. At all times relevant, defendant DAVID E. HARDER, was an employee of defendant BROOME COUNTY SHERIFF'S OFFICE.

18. At all times relevant, defendant, DAVID E. HARDER, was an employee of defendant COUNTY OF BROOME.

19. At all times relevant, defendant, DAVID E. HARDER, as the Sheriff of BROOME COUNTY, was in charge of all Deputies and all operations of the BROOME COUNTY SHERIFF'S OFFICE.

20. At all times relevant, defendant, DAVID E. HARDER, as the Sheriff of BROOME COUNTY, was responsible for hiring of Deputy Sheriffs.

3

21. At all times relevant, defendant, DAVID E. HARDER, as the Sheriff of BROOME COUNTY, had the duty to investigate the background and qualifications of prospective employees, and particularly candidates for the position of Deputy Sheriff.

22. At all times relevant, defendant, DAVID E. HARDER, as the Sheriff of BROOME COUNTY, had the duty to ensure that persons employed as Deputy Sheriffs were suitable and fit for this position.

23. At all times relevant, defendant, DAVID E. HARDER, as the Sheriff of BROOME COUNTY, had the duty to investigate the background and qualifications of defendant, FREDERICK J. AKSHAR, II.

24. At all times relevant, defendant, DAVID E. HARDER, as the Sheriff of BROOME COUNTY, had the duty to ensure that FREDERICK J. AKSHAR. II was suitable and fit for the position of a Deputy Sheriff.

25. At all times relevant, defendant, DAVID E. HARDER, as the Sheriff of BROOME COUNTY, was responsible for the training of the Deputy Sheriffs in the BROOME COUNTY SHERIFF'S OFFICE.

26. At all times relevant, defendant, DAVID E. HARDER, as the Sheriff of BROOME COUNTY, had the responsibility to supervise the conduct and actions of the Deputy Sheriffs in the BROOME COUNTY SHERIFF'S OFFICE

27. At all times relevant, defendant, DAVID E. HARDER, as the Sheriff of BROOME COUNTY, had the duty and responsibility to train defendant FREDERICK J. AKSHAR, II.

28. At all times relevant, defendant, DAVID E. HARDER, as the Sheriff of BROOME COUNTY, had the duty and responsibility to supervise the conduct and actions of defendant FREDERICK J. AKSHAR, II.

4

29.  At all times relevant, defendant, DAVID E. HARDER, as the Sheriff of BROOME COUNTY, had the duty and responsibility to enforce the rules and regulations of defendant BROOME COUNTY SHERIFFS OFFICE, and the rules, regulations and laws of the COUNTY OF BROOME, the State of New York and the United States.

30.  At all times relevant, defendant, DAVID E. HARDER, as the Sheriff of BROOME COUNTY, had the duty and responsibility to ensure that defendant FREDERICK J. AKSHAR, II, obeyed the rules and regulations, of the defendant BROOME COUNTY SHERIFF'S OFFICE, and the rules, regulations and laws of the COUNTY OF BROOME, the State of New York, and the United States.

31.  At all times relevant, defendant BROOME COUNTY SHERIFF'S OFFICE, was a municipal corporation organized and existing pursuant to the Laws of the State of New York.

32.  At all times relevant, defendant BROOME COUNTY SHERIFF'S OFFICE, was an agency of defendant, COUNTY OF BROOME.

33.  At all times relevant, defendant BROOME COUNTY SHERIFF'S OFFICE was a department of defendant, COUNTY OF BROOME.

34.  Defendant, BROOME COUNTY SHERIFF'S OFFICE, was responsible for hiring of Deputy Sheriffs.

35. At all times relevant, defendant, BROOME COUNTY SHERIFF'S OFFICE had the duty to investigate the background and qualifications of prospective employees, and particularly candidates for the position of Deputy Sheriff.

36.  At all times relevant, defendant, BROOME COUNTY SHERIFF'S OFFICE had the duty to ensure that the selected candidates for Deputy Sheriff were qualified and fit for the position.

5

37. At all times relevant, defendant, BROOME COUNTY SHERIFF'S OFFICE, had the duty to investigate the background and qualifications of defendant, FREDERICK J. AKSHAR, II.

38. At all times relevant, defendant, BROOME COUNTY SHERIFF'S OFFICE had the duty to ensure that defendant FREDERICK J. AKSHAR, II, was qualified and fit to be a Deputy Sheriff with the defendant BROOME COUNTY SHERIFF'S OFFICE.

39. At all times relevant, defendant, BROOME COUNTY SHERIFF'S OFFICE, was responsible for the training, and the supervision of the conduct and actions of the deputy sheriffs in the BROOME COUNTY SHERIFF'S OFFICE.

40. At all times relevant, defendant, BROOME COUNTY SHERIFF'S OFFICE, had the duty and responsibility to train defendant FREDERICK J. AKSHAR, II.

41. At all times relevant, defendant, BROOME COUNTY SHERIFF'S OFFICE, had the duty and responsibility to supervise the conduct and actions of defendant FREDERICK J. AKSHAR, II.

42. At all times relevant, defendant, BROOME COUNTY SHERIFF'S OFFICE, had the duty and responsibility to enforce the rules and regulations of defendant BROOME COUNTY SHERIFFS OFFICE and the rules, regulations and laws of the County of Broome, the State of New York, and the United States.

43. At all times relevant, defendant, BROOME COUNTY SHERIFF'S OFFICE, had the duty and responsibility to ensure that defendant FREDERICK J. AKSHAR, II, obeyed the rules and regulations of defendant BROOME COUNTY SHERIFF'S OFFICE, and the rules, regulations and laws of the COUNTY OF BROOME, the State of New York, and the United States.

44.   At all times relevant, defendant COUNTY OF BROOME, was a municipal Corporation, organized and existing pursuant to the laws of the State of New York.

45.   Defendant, COUNTY OF BROOME, was responsible for hiring of Deputy Sheriffs for the BROOME COUNTY SHERIFF'S OFFICE.

46. At all times relevant, defendant, COUNTY OF BROOME, had the duty to investigate the background and qualifications of prospective employees, and particularly candidates for the position of Deputy Sheriff with the BROOME COUNTY SHERIFF'S OFFICE.

47.   At all times relevant, defendant, COUNTY OF BROOME, had the duty to ensure that the candidates selected for the position of Deputy Sheriff were qualified and fit for the position.

48.   At all times relevant, defendant, COUNTY OF BROOME, had the duty to investigate the background and qualifications of defendant, FREDERICK J. AKSHAR, II.

49.   At all times relevant, defendant, COUNTY OF BROOME, had the duty to ensure that defendant FREDERICK J. AKSHAR, II, was qualified and fit to be a Deputy Sheriff with defendant BROOME COUNTY SHERIFF'S OFFICE.

50.   At all times relevant, defendant, COUNTY OF BROOME, was responsible for the training and supervision of the conduct and actions of the Deputy Sheriffs in the BROOME COUNTY SHERIFF'S OFFICE.

51.   At all times relevant, defendant, COUNTY OF BROOME, had the duty and responsibility to train defendant FREDERICK J. AKSHAR, II.

52.   At all times relevant, defendant, COUNTY OF BROOME, had the duty and responsibility to supervise the conduct and actions of defendant FREDERICK J. AKSHAR, II.

53.   At all times relevant, defendant, COUNTY OF BROOME, had the duty and responsibility to enforce the rules and regulations of defendant BROOME COUNTY SHERIFFS OFFICE and the rules, regulations and laws of the County of Broome, the State of New York and the Untied States.

54.   At all times relevant, defendant, COUNTY OF BROOME, had the duty and responsibility to ensure that defendant FREDERICK J. AKSHAR, II, obeyed the rules and regulations of the defendant BROOME COUNTY SHERIFF'S OFFICE and the rules, regulations and laws of the COUNTY OF BROOME, the State of New York, and the United States.

55.   The acts of defendant DEPUTY SHERIFF FREDERICK J. AKSHAR, II, hereinafter and heretofore alleged, were done by defendant FREDERICK J. AKSHAR, II, not as an individual, but under the color and pretense of the statutes, ordinances, regulations, customs, and usages of defendants BROOME COUNTY SHERIFF'S OFFICE, COUNTY OF BROOME, and the State of New York and the United States, and under the authority of his office as a Deputy Sheriff of BROOME County.

56.   On or about the 28th day of April, 2005, and within ninety (90) days following the occurrence out of which the claim of the plaintiff arose, the plaintiff served defendants with a Notice of Claim, in writing, sworn to by the plaintiff, containing all information pertaining to the happening of the incident complained of.

57.   This action has been commenced within one year after the cause of action arose.

58.   Defendants FREDERICK J. AKSHAR, II, and DAVID E. HARDER, are sued individually and in their official capacity.

## FACTS

59. On and before the 7th day of February, 2005, a certain Mobile home was located on lot 31, in a trailer park bearing the address 4 King Road, City of Harpursville, Town of Colesville, County of BROOME and State of New York (TRAILER PARK).

60. On or before the 7th day of February, 2005, Sue Martinez owned the aforementioned Mobile home.

61. On and before the 7th day of February, 2005, plaintiff SCOTT BROTHERS resided in the aforementioned Mobile home.

62. On and before the 7th day of February, 2005, plaintiff SCOTT BROTHERS resided in the aforementioned Mobile home with Sue Martinez.

63. On the 7th day of February, 2005, within the aforementioned Mobile home a domestic dispute arose between plaintiff SCOTT BROTHERS and Sue Martinez.

64. On the 7th day of February, 2005, Jesse Genter, a Deputy Sheriff with the defendant BROOME COUNTY SHERIFF'S OFFICE, responded to the domestic dispute and appeared at the aforementioned Mobile home.

65. At the aforementioned time and place, Deputy Sheriff Jesse Genter called the BROOME COUNTY SHERIFF'S OFFICE informing it that he needed assistance and to send additional Deputy Sheriffs.

66. On the 7th day of February, 2005, Julie Fleming, a Deputy Sheriff with defendant, BROOME COUNTY SHERIFF'S OFFICE, responded to deputy Sheriff Genter's call for assistance and appeared at the aforementioned Mobile home.

67. On the 7th day of February, 2005, deputy sheriff Fleming entered the Mobile home and spoke with plaintiff SCOTT BROTHERS and Sue Martinez.

9

68.  On the 7th day of February, 2005, after the lapse of a period of time after Deputy Sheriff Fleming had entered the aforementioned Mobile home, defendant FREDERICK J. AKSHAR, II, entered it.

69.  On the 7th day of February, 2005, and during the time that Deputy Sheriff Fleming and defendant FREDERICK J. AKSHAR, II, were in the Mobile home with plaintiff SCOTT BROTHERS, other deputy sheriff's, police officers and/or State Troopers arrived at and came into the TRAILER PARK.

70.  On the 7th day of February, 2005, and during the time that Deputy Sheriff Fleming and defendant FREDERICK J. AKSHAR, II, were in the Mobile home with plaintiff SCOTT BROTHERS, a BROOME COUNTY SHERIFF'S OFFICE negotiator was called to come to the TRAILER PARK.

71.  On the 7th day of February, 2005, and during the time that Deputy Sheriff Fleming and defendant, FREDERICK J. AKSHAR, II, were in the Mobile home with plaintiff SCOTT BROTHERS, a BROOME COUNTY SHERIFF'S OFFICE negotiator was en-route to the TRAILER PARK.

72.  On the 7th day of February, 2005, and during the time that Deputy Sheriff Fleming and defendant, FREDERICK J. AKSHAR, II, were in the Mobile home with plaintiff SCOTT BROTHERS, a New York State Police negotiator was en-route to the TRAILER PARK.

73.  On the 7th day of February, 2005, and during the time that Deputy Sheriff Fleming and defendant FREDERICK J. AKSHAR, II, were in the Mobile home with plaintiff SCOTT BROTHERS, a shotgun owned by plaintiff SCOTT BROTHERS was present in the Mobile home.

74. On the 7th day of February, 2005, and during the time that Deputy Sheriff Fleming and defendant FREDERICK J. AKSHAR, II, were in the Mobile home with plaintiff SCOTT BROTHERS, there were no other firearms in the Mobile home, except for the service pistols belonging to Deputy Sheriff Fleming and defendant FREDERICK J. AKSHAR, II.

75. On the 7th day of February, 2005, and during the time that Deputy Sheriff Fleming and defendant FREDERICK J. AKSHAR, II, were in the Mobile home with plaintiff SCOTT BROTHERS, defendant FREDERICK J. AKSHAR, II, took possession of the shotgun.

76. At the aforesaid time and place, defendant FREDERICK J. AKSHAR, II, fired his service pistol fifteen (15) times.

77. At the aforesaid time and place, defendant FREDERICK J. AKSHAR, II, fired his service pistol fifteen (15) times without justification.

78. At the aforesaid time and place, defendant FREDERICK J. AKSHAR, II, fired his service pistol fifteen (15) times without reasonable cause for him to believe that he was in danger.

79. At the aforesaid time and place, defendant FREDERICK J. AKSHAR, II, was able to safely retreat before he fired his service pistol fifteen (15) times.

80. At the aforesaid time and place, and when defendant FREDERICK J. AKSHAR, II, fired his service pistol fifteen (15) times, plaintiff SCOTT BROTHERS was unarmed.

81. At the aforesaid time and place, when defendant FREDERICK J. AKSHAR, II, fired his service pistol fifteen (15) times, the shotgun was not loaded.

82. At the aforesaid time and place, defendant FREDERICK J. AKSHAR, II fired his service pistol fifteen (15) times at plaintiff SCOTT BROTHERS.

83. At the aforesaid time and place, four (4) of the fifteen (15) bullets fired by defendant FREDERICK J. AKSHAR, II, came in contact with the person of plaintiff SCOTT BROTHERS.

84. At the aforesaid time and place, one (1) of the fifteen (15) bullets fired by defendant FREDERICK J. AKSHAR, II, struck plaintiff in the left eye causing him, among other catastrophic injuries to lose vision in both eyes.

85. As a result of the actions of defendant FREDERICK J. AKSHAR, II, plaintiff SCOTT BROTHERS sustained multiple and devastating personal injuries.

86. The actions and conduct which plaintiff, SCOTT BROTHERS, was subjected to on the 7th day of February, 2005, was consistent with an institutionalized practice of defendants DAVID E. HARDER, BROOME COUNTY SHERIFF'S OFFICE, and/or the COUNTY OF BROOME, which was adopted and ratified by defendant FREDERICK J. AKSHAR, II.

87. Defendants had not taken any effective action to prevent the BROOME COUNTY SHERIFF'S OFFICE personal from continuing to engage is such conduct.

88. Defendants had prior notice of the propensities of defendant FREDERICK J. AKSHAR, II to use excessive force.

89. Defendants had prior notice of the propensity of defendant FREDERICK J. AKSHAR, II, to abuse his authority, or to stop his use of excessive force, and/or to curb his violent behavior.

90. Defendants, despite having knowledge of the propensities of defendant FREDERICK J. AKSHAR, II, took no steps to train defendant FREDERICK J. AKSHAR, II, or to correct his abuse of authority or to discourage his unlawful use of authority, or to stop his u se of excessive force, and/or to curb his violent behavior.

12

91. The failure of the defendants to properly train defendant DEPUTY FREDERICK J. AKSHAR, II, included, *inter alia,* the failure to instruct him in the applicable provisions of the County, and State enforcement law, the laws of the United States, and the applicable provisions of the rules and regulations of the BROOME COUNTY SHERIFF'S OFFICE, with respect to the proper and prudent use of force.

92. The defendants authorized and tolerated as institutionalized practices, and ratified the misconduct hereinbefore detailed by, *inter alia*:

a) Failing to properly discipline, restrict, and control employees, including defendant FREDERICK J. AKSHAR, II, known to be irresponsible in his dealings with civilians;

b) Failing to take adequate precautions in the hiring, promotion, and retention of Deputy Sheriffs, including specifically, defendant FREDERICK J. AKSHAR, II;

c) Failing to establish and/or assure the functioning of a bona fide and meaningful departmental system for dealing with Deputy Sheriff misconduct.

93. As a consequence of the abuse of authority, detailed above, plaintiff sustained the damages hereinbefore alleged, and hereby makes claim for punitive damages for the acts complained of.

### *FOR A FIRST CAUSE OF ACTION*

94. Plaintiff repeats, reiterates and realleges each and every allegation of this complaint as if fully set forth here at length.

95. On the 7th day of February, 2005, plaintiff SCOTT BROTHERS, was the victim of the tortuous conduct inflicted by defendant FREDERICK J. AKSHAR, II, an employee of the defendants BROOME COUNTY SHERIFF'S OFFICE and/or the COUNTY OF BROOME, whose tortuous conduct consisted of assault, battery, excessive use of force, unjustified use of

force and the unjustified use of deadly physical force, negligence, violation of plaintiff's Civil Rights, and carelessly and improperly exercising his authority and power.

96. At the aforesaid time and place, and at all times relevant, defendant FREDERICK J. AKSHAR, II, committed the aforementioned tortuous acts that injured the plaintiff, as agent, servant, officer, deputy sheriff, and/or employee of the defendants, DAVID E. HARDER, BROOME COUNTY SHERIFF'S OFFICE, and/or COUNTY OF BROOME.

97. As a result of the aforementioned conduct and actions of the defendants, plaintiff SCOTT BROTHERS has suffered grievous and devastating personal injuries.

98. At the aforementioned time and place, defendant FREDERICK J. AKSHAR, II, was acting within the scope of his employment and duties of his employer, defendants DAVID E. HARDER, BROOME COUNTY SHERIFF'S OFFICE and/or the COUNTY OF BROOME.

99. The aforementioned tortuous conduct committed by defendants was so egregious and oppressive and characterized by malice or wantonness that the imposition of punitive damages is justified.

100. Upon the foregoing, plaintiff SCOTT BROTHERS, demands judgment against the defendants for his personal injuries and conscious pain and suffering, together with punitive damages for the egregious tortuous conduct of the defendants, and further, punitive damages because defendants, their agents, servants, officers and/or employees were reckless and/or wanton in hiring and/or retaining the defendant FREDERICK J. AKSHAR, II, who committed the torts after knowledge of his proclivities to engage in such conduct.

101. By reason of the foregoing, plaintiff, SCOTT BROTHERS, demands judgment against the defendants in an amount in excess of the jurisdictional limitations of all Courts that would otherwise have jurisdiction of the action.

14

## FOR A SECOND CAUSE OF ACTION

102. Plaintiff, SCOTT BROTHERS, repeats, reiterates and realleges each and every allegation of this complaint as if more fully set forth herein at length.

103. At the aforesaid time and place, plaintiff SCOTT BROTHERS was the victim of negligence on the part of the defendants, their agents, servants, officers, and/or employees which consisted of, among other things: improperly, carelessly and recklessly drawing, handling and discharging of defendant FREDERICK J. AKSHAR, II's service pistol, carelessly and negligently discharging his service pistol, and his and/or its exercise of his and/or its authority and power, and/or in hiring, and/or in training, and/or retaining defendant FREDERICK J. AKSHAR, II, and in failing to discharge defendant FREDERICK J. AKSHAR, II, and in violating plaintiff SCOTT BROTHER'S civil rights, and assaulting and battering him.

104. At the aforementioned time and place, defendants, their agents, servants, officers, and/or employees negligently, carelessly, and recklessly performed their police duties in that they failed to use such care as a reasonably prudent and careful Deputy Sheriff would have used under similar circumstances; in that they carelessly, recklessly, and without provocation, negligently used excessive force so as to cause plaintiff SCOTT BROTHERS, to sustain catastrophic injuries.

105. By reason of the foregoing, plaintiff, SCOTT BROTHERS, demands judgment against the defendants in an amount in excess of the jurisdictional limitations of all Courts that would otherwise have jurisdiction of the action, together with an award of punitive damages.

## FOR A THIRD CAUSE OF ACTION

106. Plaintiff SCOTT BROTHERS repeats, reiterates and realleges each and every allegation contained in this complaint as if fully set forth here in at length.

15

107. On and prior to the 7th day of February, 2005, defendants, DAVID E. HARDEN, BROOME COUNTY SHERIFF'S OFFICE, and/or COUNTY OF BROOME employed defendant FREDERICK J. AKSHAR, II, as a Deputy Sheriff assigned to the BROOME COUNTY SHERIFF'S OFFICE.

108. Defendant FREDERICK J. AKSHAR, II, was unqualified, unfit and incompetent to perform the duties and responsibilities required in his capacity as Deputy Sheriff with the BROOME COUNTY SHERIFF'S OFFICE.

109. Defendants DAVID E. HARDEN, BROOME COUNTY SHERIFF'S OFFICE, and/or COUNTY OF BROOME knew or should have known in the exercise of reasonable care that defendant FREDERICK J. AKSHAR, II, was unqualified, unfit and incompetent to properly and safely perform the duties and responsibilities of a Deputy Sheriff.

110. Defendants DAVID E. HARDEN, BROOME COUNTY SHERIFF'S OFFICE, and/or COUNTY OF BROOME knew or should have known in the exercise of reasonable care that a person in plaintiff SCOTT BROTHERS position would be subjected to an unreasonable risk of harm from defendant FREDERICK J. AKSHAR, II.

111. At all of the relevant times, defendants DAVID E. HARDEN, BROOME COUNTY SHERIFF'S OFFICE, and/or COUNTY OF BROOME breached the duty they owed to the plaintiff to use reasonable care in hiring their employees by failing to conduct a reasonable investigation into the background, education, training and character of defendant FREDERICK J. AKSHAR, II, before he was hired, and before the events of the 7th day of February, 2005.

112. Had defendants DAVID E. HARDEN, BROOME COUNTY SHERIFF'S OFFICE, and/or COUNTY OF BROOME performed a reasonable investigation into the background, education, training and character of defendant FREDERICK J. AKSHAR, II, they would have

discovered that he was unfit, unqualified and incompetent to perform the duties, and to carry out the responsibilities of a Deputy Sheriff of Broome County.

113. As a result of the foregoing, plaintiff was severely permanently and tragically injured was rendered blind, suffered a serious brain injury, and gunshot wounds to other parts of his body.

114. By reason of the foregoing, plaintiff, SCOTT BROTHERS, demands judgment against the defendants in an amount in excess of the jurisdictional limitations of all Courts that would otherwise have jurisdiction of the action, together with punitive damages.

### *FOR A FOURTH CAUSE OF ACTION*

115. Plaintiff repeats, reiterates, and realleges each and every allegation of this complaint as if more fully set forth herein at length.

116. Defendants DAVID E. HARDEN, BROOME COUNTY SHERIFF'S OFFICE, and/or COUNTY OF BROOME, their agents, servants, officers and employees negligently, carelessly and recklessly failed to properly train and/or supervise their employees, and particularly, defendant FREDERICK J. AKSHAR, II, and particularly, in proper police policies and procedures, laws, rules and regulations applicable to situations as the one which occurred on the 7th day of February, 2005, as hereinbefore set forth, and in the appropriate police procedures, rules regulations and laws pertaining to the use of force and use of deadly force.

117. As a result of the foregoing, plaintiff SCOTT BROTHERS, suffered tragic and permanent personal injuries that has, and continues to cause him great physical pain, and mental anguish, and he has been rendered sick, sore, lame and permanently and tragically disabled.

118. By reason of the foregoing, plaintiff, SCOTT BROTHERS, demands judgment against the defendants in an amount in excess of the jurisdictional limitations of all Courts that would otherwise have jurisdiction of the action.

### FOR A FIFTH CAUSE OF ACTION

119. Plaintiff repeats, reiterates, and realleges each and every allegation of this complaint as if more fully set forth herein at length.

120. On the 7th day of February, 2005, defendant FREDERICK J. AKSHAR, II, discharged his service pistol fifteen times at plaintiff, SCOTT BROTHERS, striking him four (4) times.

121. The aforementioned assault and battery, and the resulting devastating injuries suffered by the plaintiff SCOTT BROTHERS, was without just cause.

122. The aforementioned assault and battery, and resultant injuries to the plaintiff SCOTT BROTHERS, was unprovoked.

123. As a result of the foregoing, plaintiff SCOTT BROTHERS, suffered tragic and permanent personal injuries which has caused, and continues to cause him great physical pain, and mental anguish, and he has been rendered sick, sore, lame and permanently and tragically disabled.

124. By reason of the foregoing, plaintiff, SCOTT BROTHERS, demands judgment against the defendants in an amount in excess of the jurisdictional limitations of all Courts that would otherwise have jurisdiction of the action.

### FOR A SIXTH CAUSE OF ACTION

125. Plaintiff repeats, reiterates, and realleges each and every allegation of this complaint as if more fully set forth herein at length.

126.   The aforementioned assault and battery committed by the defendants, their agents, servants, officers, and/or employees, was the consequence of their use of excessive force in violation of plaintiff SCOTT BROTHERS, Federal and State Constitutional and Civil Rights.

127.   The defendants, their agents, servants, officers, deputies, and/or employees acted with deliberate indifference to the plaintiff's Civil and Constitutional rights.

128.   The defendants, their agents, servants, officers, deputies, and/or employees acted under color of the authority of law as Deputy Sheriff's and officials of the BROOME COUNTY SHERIFF'S OFFICE.

129.   The force used by the defendants, their agents, servants, officers, deputies, and/or employees was unreasonable in light of the circumstances of the assault and battery and thereby violated the rights of plaintiff SCOTT BROTHERS, guaranteed by the Fifth, Eighth, and Fourteenth Amendments to the Constitution of The United States of America.

130.   The force used by the defendants, their agents, servants, officers, deputies and/or employees was unreasonable in light of the circumstances of the assault and battery and thereby violated the rights of plaintiff SCOTT BROTHERS guaranteed by New York Civil Rights Law § 40-c.

131.   The assault and battery on plaintiff SCOTT BROTHERS, was unconstitutional as the defendants, their agents, servants, officers, deputies and/or employees did not have to injure him, as he was not a threat to them or to the public order, and their acts were done in bad faith, maliciously and sadistically to cause harm.

132.   The conduct of the defendants, their agents, servants, officers, deputies and/or employees was excessive, unnecessary, unwarranted, unjustified, without cause, willful, wanton, malicious, intentional and with clear intent to deprive plaintiff SCOTT BROTHERS, of his

19

rights, privileges and immunities secured to him under the Constitution of the United States of America, which provides for the equal rights of citizens of the United States, and which rights, privileges and immunities are guaranteed by the Due Process Clauses of the Constitution of the United States of America and Title 42, United States Code, Section 1983 justifying the imposition of punitive damages.

133.   The defendants, their agents, servants, officers, deputies, and/or employees severely assaulted and battered plaintiff SCOTT BROTHERS, and deprived him of his rights and liberties as set forth in the Constitution of the United States of America, and of the State of New York, in that they assaulted and battered the plaintiff without any conduct on the part of the plaintiff to so warrant, to wit:

(a) In that all of the actions of the defendants, their agents, servants, officers, deputies, and/or employees were committed with the intention to cause bodily and mental injury to the plaintiff;

(b) In that the defendants, their agents, servants, officers, deputies, and/or employees caused an assault and battery when they, in a hostile and/or offensive manner threatened and caused serious injury to the plaintiff without his consent and with the intention of causing harmful and/or offensive bodily contact to the plaintiff, all without warrant, probable cause or any lawful cause whatsoever;

(c) In that the defendants, their agents, servants, officers, deputies, and/or employees failed to adequately, sufficiently and/or properly hire, retain, train, retrain, supervise, discipline, or in any other way control the behavior and performance of its agents, servants, officers, deputies and/or employees, and particularly defendant FREDERICK J. AKSHAR, II, and in their hiring practices in the exercise of their police functions and their failure to enforce

the laws of the State of New York and the United States of America is evidence of the reckless lack of cautions with regard for the rights of citizens of the State of New York, and the United States of America including plaintiff SCOTT BROTHERS, and exhibited a lack of that degree of due care which prudent and reasonable individuals would show in executing the duties of the defendants.

(d) In the failure of the defendants, their agents, servants, officers, deputies, and/or employees to hire, train, supervise, discipline or in any other way control the defendants, and particularly, defendant FREDERICK J. AKSHAR, II, in the exercise of his and their functions and their failure to enforce the laws of the State of New York was and is carried out willfully, wantonly, maliciously and with such reckless disregard for the dangers of harm and injury to the citizens of the State of New York, including plaintiff SCOTT BROTHERS;

(e) Due to the acts of the defendants, their agents, servants, officers, deputies, and/or employees, including the failure to discipline, train and properly hire, and particularly the hiring of defendant FREDERICK J. AKSHAR, II, and the continued employment of the defendants, their agents, servants, officers, deputies, and/or employees, and particularly defendant FREDERICK J. AKSHAR, II, this defendant presents a clear and present danger to the citizens of the State of New York.

(f) In that the defendants, their agents, servants, officers, deputies, and/or employees permitted the use of a policy and/or drafted a policy that was violative of the Constitutional Rights of plaintiff SCOTT BROTHERS; and in that each and all of the acts of the defendants, their agents, servants, officers, deputies, and/or employees alleged herein were done not as individuals but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York, and under the authority of his and their office as

21

deputy sheriff and officials of the BROOME COUNTY SHERIFF'S OFFICE, and the COUNTY OF BROOME.

134.  Defendants DAVID E. HARDEN, BROOME COUNTY SHERIFF'S OFFICE, and the COUNTY OF BROOME, and individually named Deputy Sheriff, defendant FREDERICK J. AKSHAR, II, who is an agent, servant and/or employee of defendants, acting under color of law, have subjected plaintiff SCOTT BROTHERS, and other persons, to a pattern of conduct consisting of assault, battery and intentional infliction of emotional distress in denial of rights, privileges and immunities guaranteed plaintiff SCOTT BROTHERS, and other Citizens by the Constitutions of the Untied States of America and the State of New York.

135.     Although defendants, their agents, servants, officers, deputies, and/or employees knew or should have known of the fact that this pattern of conduct was carried out by their agents, servants, officers, deputies, and/or employees, the defendants have not taken any steps or made any effort to halt this course of conduct, to make redress to the plaintiff SCOTT BROTHERS, or other citizen injured thereby, or to take the proper disciplinary action against any of their employees, agents, servants, officers, or deputies, and particularly against defendant FREDERICK J. AKSHAR, II.

136.  The unlawful and illegal conduct of the defendants, their agents, servants, officers, deputies, and/or employees and each of them, deprived plaintiff SCOTT BROTHERS of the rights, privileges and immunities secured to him by the Constitution of the United States of America, and of the State of New York, more specifically, the liberty in being free from bodily injury.

137. The conduct aforementioned committed by the defendants, their agents, servants, officers, deputies, and/or employees is of the type that shocks the conscience and entitles plaintiff SCOTT BROTHERS to an award of punitive damages.

138. As a direct and proximate cause of the aforementioned actions, plaintiff SCOTT BROTHERS has suffered tragic and permanent personal injuries that has caused, and continues to cause him great physical pain, and mental anguish, and he has been rendered sick, sore, lame and permanently and tragically disabled.

143. Pursuant to 42 U.S.C. § 1983, plaintiff SCOTT BROTHERS seeks an award of attorneys' fees and costs incurred in bringing this action.

144. By reason of the foregoing, plaintiff SCOTT BROTHERS, requests the following relief:

A) Compensatory damages for his pain and suffering, mental anguish and economic losses in an amount that exceeds the jurisdictional limitation of all courts that would otherwise have jurisdiction of the action;

B) Punitive damages in the sum to be assessed by the jury;

C) An award of reasonable attorneys' fees, costs and disbursements;

D) Plaintiff SCOTT BROTHERS requests a trial by jury of all issues involved in the complaint.

WHEREFORE, plaintiff SCOTT BROTHERS, demands judgment against the defendants, as follows:

A) Compensatory damages for his pain and suffering, mental anguish and economic losses in an amount that exceeds the jurisdictional limitation of all courts that would otherwise have jurisdiction of the matter;

23

B) Punitive damages in the sum to be assessed by the jury;

E)  An award of reasonable attorneys' fees, costs and disbursements;

F)   Plaintiff SCOTT BROTHERS requests a trial by jury of all issues involved in

the complaint.

Together with interest, cost and disbursements of the action.

Dated: New York, New York
        September 30, 2005

Yours etc,

Howard Eison (5325)
SULLIVAN PAPAIN BLOCK MCGRATH
& CANNAVO, P.C.
Attorneys for Plaintiff
120 Broadway
New York, NY  10271
(212) 732-9000

## VERIFICATION

**HOWARD EISON**, an attorney duly admitted to practice in the State of New York affirms the following under penalties of perjury:

I am an associate of SULLIVAN PAPAIN BLOCK MCGRATH & CANNAVO P.C., attorneys for the plaintiff in the captioned action. I have read the foregoing **COMPLAINT** and know the contents thereof. Upon information and belief, I believe the matters alleged therein to be true.

The reason this Verification is made by me and not by plaintiff is that the plaintiff resides in a county other than the one in which the plaintiff's attorneys' maintain their offices.

The source of my information and the grounds of my beliefs are communications, papers, reports and investigations contained in the file.

Dated: New York, New York
      September 30, 2005

HOWARD EISON, ESQ.